**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────

**No. 09-4736**

─────────

UNITED STATES OF AMERICA,

            Plaintiff - Appellee,

      v.

JOHN SAUNDERS,

            Defendant - Appellant.

─────────

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond.  Henry E. Hudson, District Judge.  (3:09-cr-00041-HEH-2)

─────────

Submitted:  September 30, 2010        Decided:  November 9, 2010

─────────

Before GREGORY, SHEDD, and KEENAN, Circuit Judges.

─────────

Affirmed by unpublished per curiam opinion.

─────────

David P. Morgan, Richmond, Virginia, for Appellant. Michael Arlen Jagels, Special Assistant United States Attorney, Richmond, Virginia, for Appellee.

─────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

John Saunders pled guilty to two counts of distribution of heroin, and was sentenced to a term of 45 months' incarceration. Saunders appealed, and counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting that in his view there are no meritorious grounds for appeal, but questioning whether Saunders' sentence was reasonable. Saunders was informed of his right to file a pro se supplemental brief but has not done so. We affirm.

We review Saunders' sentence for abuse of discretion. Gall v. United States, 552 U.S. 38, 51 (2007). The first step in this review requires us to ensure that the district court committed no significant procedural errors. United States v. Evans, 526 F.3d 155, 161 (4th Cir.), cert. denied, 129 S. Ct. 476 (2008). Significant procedural errors include "'failing to calculate (or improperly calculating) the Guidelines range, . . . failing to consider the [18 U.S.C.] § 3553(a) factors, . . . or failing to adequately explain the chosen sentence-- including an explanation for any deviation from the Guidelines range.'" United States v. Carter, 564 F.3d 325, 328 (4th Cir. 2009) (quoting Gall, 552 U.S. at 51). We then consider the substantive reasonableness of the sentence, taking into account the totality of the circumstances. Gall, 552 U.S. at 51. When reviewing a sentence on appeal, we presume a sentence within the

2

properly-calculated Guideline range is reasonable. United States v. Allen, 491 F.3d 178, 193 (4th Cir. 2007).

Here, the district court departed upward in calculating the applicable Guideline range, on the ground that Saunders' criminal history category under-represented the seriousness of his criminal history. USSG § 4A1.3(a). When reviewing a departure, we consider "whether the sentencing court acted reasonably both with respect to its decision to impose such a sentence and with respect to the extent of the divergence from the sentencing range." United States v. Hernandez-Villanueva, 473 F.3d 118, 123 (4th Cir. 2007). Under USSG § 4A1.3(a)(1), "[i]f reliable information indicates that the defendant's criminal history category substantially under-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes, an upward departure may be warranted."

We have reviewed the record and conclude that the district court's decision to depart upward was procedurally and substantively reasonable. The record reveals that Saunders had a criminal history category of VI, which did not take into account approximately 26 of his prior convictions. Saunders' most recent offenses were committed only four months after he served a two-year term for violating probation. The court noted that Saunders' criminal activity over the years was virtually

unabated, that there was a strong likelihood that it would continue upon his release, and that prior shorter terms had not effectively deterred his criminal conduct. Thus the court properly concluded that an upward departure from criminal history category VI was warranted, and proceeded to employ the proper methodology for recalculating Saunders' advisory range to 41 to 51 months. See USSG § 4A1.3(a)(4)(B).

In addition, the extent of the departure was reasonable. As we have noted, the two-year term completed by Saunders only a few months before he committed the instant offenses clearly was insufficient to deter him from further criminal acts. The Guidelines sentencing range of 9 to 15 months was insufficient to reflect the seriousness of his criminal history, or the likelihood that he would commit future crimes. We therefore conclude that the extent of the district court's departure was reasonable. Further, the district court considered the parties' arguments and relevant § 3553(a) factors, including Saunders' history and characteristics and the need for the sentence to protect the public, and reasonably imposed a sentence in the middle of the recalculated advisory range. We accordingly conclude that Saunders' sentence is both procedurally and substantively reasonable.

In accordance with Anders, we have reviewed the entire record in this case and have found no meritorious issues for

4

appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Saunders in writing of his right to petition the Supreme Court of the United States for further review. If Saunders requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Saunders. Finally, we deny Saunders' second motion for an extension of time in which to file a pro se supplemental brief and dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>